UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MARIA ELINA HAKANIEMI,

                Plaintiff,

       - against -

JOHN LEGERE,

                Defendant.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-530 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Maria Elina Hakaniemi ("Plaintiff") filed this *pro se* complaint on January 25, 2019. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons discussed below, the complaint is dismissed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing a complaint, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing, *inter alia*, *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Furthermore, *pro se* complaints are held to a less stringent standard than pleadings drafted by attorneys, and the Court construes a *pro se* complaint liberally to raise the strongest arguments the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes*

1

*v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nevertheless, district courts have "authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court "is not bound . . . to accept without question the truth of the plaintiff's allegations." Thus, it need not accept as plausible an allegation "that cannot be rebutted by judicially noticeable facts." *Id.*

## DISCUSSION

Even with the benefit of liberal construction, Plaintiff's complaint fails to present any cognizable claim. From the complaint's muddled and disjointed narrative, the Court surmises that Plaintiff is complaining of issues related to certain TMobile and Facebook accounts. In one passage, Plaintiff complains that her "[v]isitors counter is not on! 2016 I had 28 million visitors on Facebook. Tell me how many visitors. No answer." (Compl., at 4.) In her statement of claim, Plaintiff further states:

> T-Mobile didn't accept my request at TMobile ID 2016. because I am not social security nr.ea  My facebook number goes to (X person.) old number TMobile does not chance my actual number. TMobile lock, locked settings. Admin thrue interned caused harm to Facebook., mismanager false manager accusations. Google vendor? Photographer? Art

(*Id.* at 5.) Based on these allegations, Plaintiff seeks "$100 [to] $1,000 [to] $5,000 monthly" in damages. (*Id.* at 6.)

Plaintiff's allegations, even under the very liberal reading afforded to *pro se* pleadings can only be described as frivolous and "clearly baseless," notwithstanding Plaintiff's belief in their comprehensibility and veracity. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A

court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional." (internal quotations omitted)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *see also Khalil v. United States*, Nos. 17-CV-2652 (JFB), 17-cv-5458 (JFB), 2018 WL 443343, at *3–4 (E.D.N.Y. Jan. 12, 2018); *Bussie v. Commissioner*, Nos. 16-CV-7006 (MKB), 17-CV-157 (MKB), 2017 WL 395113, at *3 (E.D.N.Y. Jan. 27, 2017). The Court finds this standard is met where, as here, a Plaintiff's factual allegations are wholly nonsensical.

Given the incoherence and implausibility of Plaintiff's complaint, the Court declines to permit this action to proceed any further. *See Kennedy v. United States*, No. 12-cv-5105 (CBA), 2013 WL 28060 (E.D.N.Y. Jan. 2, 2013); *Raoul v. City of N.Y. Police Dep't*, No. 14-CV-1787, 2015 WL 1014204, at *2 (E.D.N.Y. Mar. 6, 2015) (dismissing complaint where Plaintiff's claims were "based purely on wide-ranging, incoherent allegations"). While Plaintiff would ordinarily be granted an opportunity to amend her pleadings, *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000), the Court need not afford that opportunity where it is clear from the face of the complaint that Plaintiff's claims are frivolous. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that leave to amend would be futile because the complaint, even when read liberally, did not "suggest[ ] that the plaintiff has a claim that she has inadequately or inartfully pleaded").[1] Because

---

[1] The Court notes that this is the second frivolous complaint that Plaintiff has filed in recent months. Plaintiff's first complaint, filed on December 13, 2018, was dismissed as frivolous on December 21, 2018. *See Hakaniemi v. Gates*, No. 18-CV-7188 (PKC).

Plaintiff's complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this action must be dismissed.

## CONCLUSION

Accordingly, the Court dismisses the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is warned that the Court will not tolerate frivolous litigation. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." (internal quotations omitted)); *see also Pandozy v. Tobey*, 335 Fed. App'x 89, 92 (2d Cir. 2009) (upholding a district court's imposition of sanctions against a vexatious litigant). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 6, 2019
      Brooklyn, New York